# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOE SITA,

    Plaintiff,

v.

ANDERSON PRESS, INC.,

    Defendant.

CIVIL ACTION NO.
1:07-CV-1290-RWS

## **ORDER**

Plaintiff initiated this action asserting that his employment termination constituted a violation of the Age Discrimination in Employment Act ("ADEA"). (Complaint Dkt. No. [1] at 1.) Now before the Court is Defendant's Motion for Summary Judgment [20]. After a review of the record, the Court issues the following Order.

## Background

Plaintiff Joe Sita ("Plaintiff" or "Mr. Sita") is a former employee of Dalmatian Press, LLC ("Dalmatian Press"), a subsidiary of Defendant

Anderson Press, Inc., ("Defendant" or "Anderson Press"). ("Defendant's Stmt Material Facts" Dkt. No. [20-2] at ¶ 2.) Plaintiff was hired by Dalmatian Press in February of 2006 as Director of Production by Janet Hatfield ("Ms. Hatfield") who served as Vice President of Inventory. (Id. at ¶¶ 3-4.) Plaintiff's job duties included locating book publishers, proofing copies and coordinating distribution. (Id. at ¶ 6.) On September 1, 2006, Ms. Hatfield terminated Mr. Sita, stating that he lacked "the urgency necessary for the job." (Id. at ¶ 14; Pl's Dep. 103-04; Hatfield Decl. ¶ 9.) After filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Plaintiff initiated this cause of action, seeking declaratory relief, injunctive relief, and damages under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (Complaint at ¶ 9.) Defendant moved for summary judgment on the bases that Plaintiff cannot establish either a *prima facie* case of age discrimination, or that Defendant's stated reason for the discharge is pretextual [20].

## Discussion

**I. Summary Judgment Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence

3

is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Age Discrimination in Employment Act (ADEA)

The ADEA represents a comprehensive congressional scheme designed

4

to prohibit and remedy employment discrimination based on age. The ADEA provides a cause of action for those individuals over forty years of age who suffer adverse employment action based solely on their age. Plaintiffs who file ADEA claims are required to prove that age is a determinative factor in the employer's adverse employment decision. Kenney v. Shaw Indus., 764 F. Supp. 1504, 1506 (N.D. Ga. 1991) (citing Young v. Gen. Foods Corp., 840 F.2d 825, 828 (11th Cir.1988), cert. denied, 488 U.S. 1004, 109 S. Ct. 782, 102 L. Ed.2d 774 (1989)).

The Eleventh Circuit has adopted a variation of the test articulated by the Supreme Court for Title VII claims in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), for cases arising under the ADEA. See Benson v. Tocco, Inc., 113 F.3d 1203, 1207-08 (11th Cir. 1997); Jameson v. Arrow Co., 75 F.3d 1528, 1531-32 (11th Cir. 1996); Mitchell v. Worldwide Underwriters Ins. Co., 967 F.2d 565, 566 (11th Cir. 1992). To establish a *prima facie* case for an ADEA violation, the plaintiff must show that he (1) he is a member of the protected class (at least 40 years old); (2) he was qualified for the position; (3) he was discharged; and (4) he was replaced by a person substantially younger. See Kelliher v. Veneman, 313 F.3d 1270, 1275

(11th Cir. 2002) (citing McDonnell Douglas Corp., 411 U.S. at 802; Chapman v. A.I. Transp., 229 F.3d 1012,10264-25 (11th Cir. 2000); Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1313-14 (11th Cir.1994)).

If a plaintiff succeeds in establishing a *prima facie* case under the McDonnell Douglas approach, as modified in the Eleventh Circuit, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory rationale for the alleged adverse employment action. Once the employer does so, the burden shifts back to the plaintiff to establish that the employer's asserted reasons for the adverse employment action are pretextual. If at this stage the plaintiff fails to "present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext[,] the employer is entitled to summary judgment." Earley, 907 F.2d at 1081.

With these principles as a foundation, the Court turns now to address the merits of the Defendant's Motion for Summary Judgment.

### III. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on Plaintiff's ADEA claim on two grounds. First, Defendant claims that Plaintiff's *prima facie* case fails because Mr. Sita cannot demonstrate the fourth element under Kelliher, that he

6

was replaced by a substantially younger person. (Dkt. No. [20] at 8-10.)  Next, Defendant asserts that Anderson Press had a legitimate, non-discriminatory reason for the termination, which Mr. Sita cannot establish is pretext for age discrimination. (Id. at 10.)

Defendant contends that Mr. Sita cannot establish a *prima facie* case of age discrimination because there is no evidence in the summary judgment record that he was replaced by a substantially younger employee. (Dkt. No. [20] at 8.)  Rather, Defendant states that Mr. Sita was permanently replaced by Tammy Morris ("Ms. Morris"), an employee approximately two years younger than Mr. Sita. (Id.)  Defendant relies upon the declarations of Ms. Morris and Ms. Hatfield stating that Ms. Morris was hired by Ms. Hatfield to replace Mr. Sita. (Morris Decl. ¶ 3; Hatfield Decl. ¶ 12.)  Because Ms. Morris is only approximately two years younger than Mr. Sita, Defendant asserts that she does not constitute a "substantially younger" person for purposes of establishing a *prima facie* case of age discrimination. (Dkt. No. [20] at 8); See Pace v. Southern Railway Systems, 701 F.2d 1383 (11th Cir. 1983) (holding that a person two years younger than plaintiff was not "substantially younger" and therefore plaintiff did not establish a *prima facie* case of age discrimination

7

without a showing of discriminatory intent or evidence of discriminatory activity.)

In response, Mr. Sita argues he was not replaced by Ms. Morris, but rather was replaced by a woman "in her early 20's" named Karen Wong ("Ms. Wong"). (Dkt. No. [23] at 5.) Plaintiff contends that Ms. Wong was not a temporary replacement, but was hired by Ms. Hatfield as a permanent replacement for him. (Id. at 7.) Plaintiff relies upon testimony by his former assistant, Angela Osborne ("Ms. Osborne") about observations and statements allegedly made by Ms. Wong regarding her age and role at Dalmatian Press. (Id. at 8; Osborne Dep. at 20-21, 24-26.) Based on those discussions, Ms. Osborne believed that Ms. Wong was a permanent replacement for Mr. Sita. (Osborne Dep. at 27-28.) Mr. Sita argues that because Ms. Wong falls within the definition of a "substantially younger" person, her hire constitutes a *prima facie* case of age discrimination. (Dkt. No. [23] at 10.)[1] Plaintiff argues that Ms.

---

[1] In a footnote, Plaintiff asserts that a jury would not find that Ms. Morris was his permanent replacement because she did not assume all the duties associated with his position with Defendant. (Dkt. No. [23] at fn 10.) Plaintiff cites deposition testimony of Ms. Osborne in support of this contention. However, the cited testimony does not support his conclusion. Ms. Osborne testified that she had no personal knowledge of Ms. Morris' background and admitted she was dismissed shortly after Ms. Morris was hired. (Dkt. No. [24] at fn 4; Osborne dep.

Osborne's testimony creates an issue of material fact as to Mr. Sita's permanent replacement such that summary judgement should be denied. (Dkt. No. [23] at 9.)

Defendant urges the Court to disregard Mr. Sita's evidence as to Ms. Wong's age and role at Dalmatian Press. (Dkt. No. [24] at 3.) Defendant states that Ms. Osborne's deposition regarding statements made by Ms. Wong are inadmissible hearsay and cannot be considered on a motion for summary judgment. (Id.); Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'"). Further, Defendant states that Ms. Osborne's testimony regarding her observations as to Ms. Wong's permanent role at Dalmatian Press are irrelevant, stating that "whether Ms. Wong portrayed herself as having some level of supervisory authority over Ms. Osborne ... has no bearing on whether she was hired by Anderson Press to replace Plaintiff as the Company's Director of Production or whether she was hired on a permanent or temporary basis."

---

40, 42, 64.)

(Dkt. No. [24] at 4.) By way of explanation, Defendant cites Ms. Hatfield's declaration stating that Ms. Wong was hired for a temporary period to assist with pending projects while a search for Mr. Sita's permanent replacement was underway. ( Id.; Hatfield Decl. ¶ 10.) Defendant argues that Mr. Sita failed to provide any evidence to create an issue of material fact as to Defendant's assertion that Ms. Morris was hired as Mr. Sita's permanent replacement.

After a review of the record, the Court finds that Mr. Sita has not established a *prima facie* case of age discrimination. Specifically, Plaintiff has not demonstrated that he was replaced by a substantially younger person. Kelliher, 313 F.3d at 1275. In viewing the facts in the light most favorable to Plaintiff, the Court finds that Mr. Sita failed to provide any evidence upon which the Court can rely in finding that an issue of material fact exists as to who was hired to replace Mr. Sita. Evidence cited by Plaintiff as to comments made by Ms. Wong to Ms. Osborne are inadmissible hearsay and do not create an issue of fact. See Macuba, 193 F.3d at 1322. The Court finds that there is no issue of material fact that Ms. Morris, not Ms. Wong, was hired as Mr. Sita's permanent replacement. As Plaintiff does not dispute Defendant's contention that Ms. Morris is not a substantially younger person, Mr. Sita has not

10

demonstrated a *prima facie* case of age discrimination. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.[2]

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [20] is **GRANTED**. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Defendant and against Plaintiff in this action.

**SO ORDERED** this __6th__ day of November, 2008.

*Richard W. Story*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2]Based on the foregoing determination, the Court need not address Defendant's argument that Plaintiff failed to put forth any evidence that Defendant's reason for terminating Mr. Sita was pretext for age discrimination.

AO 72A
(Rev.8/82)